# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SHELIA FORD                                                                                               PLAINTIFF

v.                                              NO. 4:17CV00328 JLH

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                                                            DEFENDANT

## ORDER

The Court has reviewed the Recommended Disposition submitted by Magistrate Judge Beth Deere and the filed objections. After carefully considering these documents and making a *de novo* review of the relevant portions of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects with the following additional comments.

Shelia Ford argues that the Commissioner's determination that she could make an adjustment to work as a document preparer is not supported by substantial evidence. This is so, she says, because the job cited to in the Dictionary of Occupational Titles describes preparing documents "for microfilming"—a job that she argues technology has made obsolete. The Seventh and Sixth Circuits have addressed similar issues and concluded that more evidence is required to carry the Commissioner's burden at step five than relying on vocational expert testimony that merely cites to the Dictionary of Occupational Titles. *Herrmann v. Colvin*, 772 F.3d 1110, 1113 (7th Cir. 2014) (discounting the vocational experts reliance on the Dictionary of Occupational Titles, which the court described as "an obsolete catalog of jobs" that "contains no statistics regarding the number of jobs in a given job category"); *Cunningham v. Astrue*, 360 F. App'x 606, 615 (6th Cir. 2010) (recognizing that the Commissioner takes administrative notice of the Dictionary of Occupational Titles when determining whether jobs exist in the national economy but also directing that common

sense dictates that when such descriptions appear obsolete, a more recent source of information should be consulted); *but see Kohlhaas v. Berryhill*, No. 17-CV-413-JPG-CJP, 2018 WL 1090311 at *4 (S.D. Ill. Feb. 28, 2018) (*Herrmann*'s statement that the DOT is obsolete is dicta); *Allen v. Colvin*, No. 1:14-CV-1839-TAB-JMS, 2015 WL 7272229 at *4 (S.D. Ind. Nov. 16, 2015) (refusing to find the DOT obsolete based on *Herrmann* because *Herrmann*'s statement to that effect was dicta); *Morris v. Commissioner of Social Security*, No. 1:16CV433, 2017 WL 1159809 at *10-11 (W.D. Mich. March 29, 2017) (refusing to hold based on *Cunningham* that the DOT is an unreliable or out-of-date source).

Here, the ALJ posed a hypothetical to the vocational expert that included all of the claimant's limitations, and the vocational expert testified that Ford would be able to perform the requirements of representative occupations such as document preparer, based on information in the Dictionary of Occupational Titles; and the vocational expert testified that 102,000 such jobs exist in the national economy. The ALJ credited that testimony, noting that it was consistent with the Dictionary of Occupational Titles. *See Jones v. Astrue*, 619 F.3d 963, 978 (8th Cir. 2010). Under Eighth Circuit precedent, that testimony constitutes substantial evidence. *Hilkemeyer v. Barnhart*, 380 F.3d 441, 447 (8th Cir. 2004). Here, as in *Kohlhaas*, Ford's attorney "did not challenge the basis for the vocational expert's testimony as to job numbers (or anything else) at the hearing." *Kohlhaas*, 2018 WL 1090311 at *4. The question is not one of "exhaustion" as Ford argues; the question is whether unchallenged testimony by an expert witness on an issue that is within the witness's expertise constitutes substantial evidence. In view of *Hilkemeyer* and other Eighth Circuit precedent, this Court is not in a position to hold that unchallenged testimony by a vocational expert that is consistent with the Dictionary of Occupational Titles does not constitute substantial evidence. *Cf.*

*Rivera v. Berryhill*, 242 F. Supp. 3d 1226, 1241 (D.N.M. 2017) (refusing to follow *Herrmann* and similar Seventh Circuit cases because "the Tenth Circuit has not demonstrated the hostility toward VE testimony that drove the result in these cases" and "has accepted without reservation VE testimony concerning the number, percentage and location of jobs within a claimant's capacity").

IT IS THEREFORE ORDERED THAT the Commissioner's decision is AFFIRMED, and Shelia Ford's complaint is DISMISSED with prejudice.

DATED this 1st day of May, 2018.

*[signature: J. Leon Holmes]*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE